IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROBIN HAWKINS**                                                                                   **PLAINTIFF**

v.                              **CASE NO. 4:19-CV-00837-BSM**

**JUSTIN CATO and ASPHALT PAVERS, INC.,**
**dba and/or aka CATO BROTHERS**                                           **DEFENDANTS**

## ORDER

Asphalt Pavers's motion for summary judgment [Doc. No. 13] is granted and it is therefore dismissed.

## I. BACKGROUND

Robin Hawkins was involved in a motor vehicle accident with Justin Cato and is now suing Cato and his employer, Asphalt Pavers, Inc. Compl. ¶ 6, 9–10, Doc. No. 1; Def's Statement Facts ¶¶ 1–4, Doc. No. 15. Hawkins alleges that Cato failed to stop at a stop sign and slammed into the vehicle in which she was riding as a passenger. Compl. ¶¶ 9–10. She further alleges that Cato was in the course and scope of his employment for Asphalt Pavers and that the truck Cato was driving was owned, leased, rented, or borrowed by Asphalt Pavers. *Id.* at ¶¶ 7–8. Hawkins states that the truck Cato was driving bore the name "Asphalt Pavers" on the driver's side rear panel. Resp. Mot. Summ. J. at 2, Doc. No. 18.

Asphalt Pavers moves for summary judgment arguing that the undisputed facts show that it cannot be held vicariously liable for Cato's alleged negligence because Cato owned the truck and Cato was not acting within the scope of his employment at the time of the accident. Br. Mot. Summ. J. at 1, Doc. No. 14. Asphalt Pavers points to Cato's undisputed

testimony that he was the owner of the truck and was driving home from playing golf, and thus not performing any work-related duties, at the time of the accident. Def's Answers Interrogs. 7–8, 19, Doc. No. 13-1.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). *Id.* All reasonable inferences must be drawn in the light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Summary judgment is granted because the undisputed facts show that Asphalt Pavers is not vicariously liable for Cato's actions. *See* Loc. Rule 56.1; *see* Def's Statement Facts ¶¶ 3, 5–6. In response to the motion for summary judgment, Hawkins states that the sole dispute of material fact is whether Asphalt Pavers had insurance on Cato's truck at the time of the accident. Resp. Mot. Summ. J. at 2, Doc. No. 18. Hawkins argues that it is likely that Asphalt Pavers maintained insurance on the truck because it had Asphalt Pavers's logo on

2

it. *Id.* at 4. Even if this were true, it would not create vicarious liability for Asphalt Pavers because Asphalt Pavers would be vicariously liable for Cato's actions only if he was acting within the scope of his employment at the time of the accident. *See, e.g., Lawson v. U.S.*, 103 F.3d 59, 60 (8th Cir. 1996). Hawkins does not contest Cato's statement that he was returning home from a round a golf when the accident occurred, and nothing indicates that Cato was acting on behalf of Asphalt Pavers at the time of the accident. *See Capital Transp. Co. v. Armour & Co.*, 200 F.2d 722, 723–24 (8th Cir. 1952) (a meat distributor was not held vicariously liable for its employee's collision with a trolley bus that occurred as the employee was driving back to his hotel after he paid a visit to his relatives).

## IV. CONCLUSION

For the foregoing reasons, Asphalt Pavers's motion for summary judgment [Doc. No. 13] is granted, and Asphalt Pavers is dismissed with prejudice.

IT IS SO ORDERED, this 2nd day of November, 2020.

／s／ Brian S. Miller
UNITED STATES DISTRICT JUDGE